UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ALVIN BROWN, | ) |
| Plaintiff, | ) Civil Case No. |
| | ) 5:14-cv-372-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| OUTBACK STEAKHOUSE, | ) |
| Defendant. | ) |

\*\*\*

This matter is before the Court upon Defendant's motion for partial summary judgment, [DE 16]. Plaintiff has filed a response in opposition to Defendant's motion, [DE 22], and Defendant has filed a reply, [DE 23]. The Court, having considered the parties' arguments and being otherwise sufficiently advised, will grant Defendant's motion for the following reasons.

**I.**

During the relevant time period, Plaintiff was the owner and operator of Alpha Cleaning Services ("Alpha"). Alpha provided cleaning services at Defendant's Outback Steakhouse Restaurants in Fayette and Madison County, Kentucky, beginning in 1992 and ending in 2013. Plaintiff alleges the parties entered into a contract under which Alpha was to provide cleaning services to Defendant but, with respect to the parties' relationship, "there is no

question that the Plaintiff is an independent contractor with Outback." [DE 22, at Page ID# 120, Plaintiff's Resp.]

Plaintiff reports that in the course of Alpha's business, he employed some workers who were Hispanic. He alleges that Outback "Partner" Peter Dykal referred to the Hispanic workers as "worthless," called the white employees "poor white trash," and referred to Plaintiff as "Fat Al." In September 2012, Plaintiff complained about Dykal's comments to Lynn Brown, Outback's Vice President of Operations. Plaintiff contends that after he reported the "offensive comments," Defendant began to complain about Alpha's services. Plaintiff's contract for cleaning services was terminated in April 2013.

Defendant moves for summary judgment on Plaintiff's claims of discrimination arguing that, as an independent contractor, Plaintiff's claims under the Kentucky Civil Rights Act cannot go forward.

**II.**

Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the factual evidence and all reasonable inferences must be construed in the light most favorable to the nonmoving party. *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Summers v. Leis,* 368 F.3d 881, 885 (6th Cir. 2004).

This Court's function on a summary judgment motion is not to weigh the evidence, but to decide whether there are genuine issues of material fact for trial. *Anderson,* 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Anderson*, 477 U.S. at 242. A genuine dispute exists on a material fact and, thus, summary judgment is improper if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *Summers*, 368 F.3d at 885.

### III.

In his Complaint and throughout the briefing, Plaintiff asserts repeatedly that he acted as an independent contractor during the time in question. In distinguishing an independent contractor from an employee, courts rely on several factors, including:

> the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; the hired party's employee benefits; and tax treatment of the hired party's compensation.

3

*Simpson v. Ernst & Young*, 100 F.3d 436, 443 (6th Cir. 1996) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992)). As Plaintiff concedes that he was an independent contractor, the parties had no reason to brief the issue. Applying the factors above to the limited information before it, the Court has no cause to question the parties' conclusion that the Plaintiff was, indeed, an independent contractor.

In *Steilberg v. C2 Facility Solutions, LLC*, 275 S.W.3d 732 (Ky. Ct. App. 2008), a marketing professional sued the defendant business, alleging that the president/CEO sexually harassed her in violation of the Kentucky Civil Rights Act. The court focused its thorough inquiry on whether the plaintiff was properly considered an employee or an independent contractor. This analysis was key because, in the court's opinion, Plaintiff's KCRA claims were automatically precluded if she was an independent contractor. *See Steilberg*, 275 S.W. at 735 (citing *Shah v. Deaconess Hosp.*, 355 F.3d 496 (6th Cir. 2004)). After engaging in the analysis described above, the court concluded that Plaintiff was an independent contractor and determined that the defendants were entitled to judgment as a matter of law.

Plaintiff fails to distinguish this case from *Steilberg*. Instead, he argues that, rather than focusing on KRS § 344. 040 ("unlawful discrimination by employers"), the Court must look to § 344.280 to find the true source of the Defendant's statutory

4

violation.  That section, which addresses conspiracy to violate the KCRA, reads in part, "It shall be an unlawful practice for a person to conspire [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter."  The problem with Plaintiff's argument is that he has failed to identify any practice that has been declared unlawful.  Again, he has alleged only conduct affecting an independent contractor and, as discussed, this is not in proscribed by the KCRA.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion for summary judgment with respect to Plaintiff's claims under the Kentucky Civil Rights Act, [DE 16], is **GRANTED.**

This the 9th day of September, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge