UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ALVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:14-cv-372-JMH |
| v. | ) | |
| | ) | |
| OUTBACK STEAKHOUSE, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon Defendant's motion for summary judgment as to Plaintiff's remaining claim, which is for breach of contract. The motion has been fully briefed and the Court, having considered the matter fully, will grant the motion for the followings reasons.

**I.**

During the relevant time period, Plaintiff was the owner and operator of Alpha Cleaning Services ("Alpha"). Alpha provided cleaning services at Defendant's Outback Steakhouse Restaurants in Fayette and Madison County, Kentucky, beginning in 1992 and ending in 2013. Plaintiff alleges that he and Defendant entered into oral contracts whereby Alpha would provide cleaning services for

two of Defendant's restaurants.[1]  On April 2, 2013, during a face-to-face meeting and with confirmation through a letter that same day, Outback notified Plaintiff that Alpha's services were being discontinued.  Plaintiff now alleges that Defendant wrongfully terminated the oral contracts based on Plaintiff's complaints of Outback personnel's discriminatory comments.[2]  Further, Plaintiff contends, the contract was terminated without adequate notice and without just cause and that, as a result, he has suffered economic loss.

In his deposition, Brown testified that in 1992, he formed an oral agreement with Keith Hayden to "clean the floors, clean the restrooms and maintain cleaning that would fit the health department's criteria" at one of the Outback Restaurants.  The contract did not include a specific duration of time over which the services would be performed.  Outback agreed to pay him $1,600 per month for his services.  He formed an identical agreement with Terry Netherton for another Outback Restaurant in Lexington, Kentucky.  There were no other terms to the contracts.

---

[1] Plaintiff testified that he also cleaned Defendant's Hamburg Pavilion restaurant in Lexington, Kentucky, but there was no contract with respect to this location, as he only cleaned it for a short period of time.

[2] As explained in the Court's Memorandum Opinion and Order of September 9, 2015, Plaintiff's civil rights claims failed as a matter of law because independent contractors are not protected under the Kentucky Civil Rights Act. *See* DE 26.

## II.

The standard for summary judgment mirrors the standard for a directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden has been met, the nonmoving party must "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that could affect the outcome of the issue at trial, as determined by substantive law. *See Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008). There is a genuine dispute as to a material fact if the evidence shows that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 249; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

The judge's function is not to weigh the evidence, but to decide whether there are genuine issues that warrant a trial. *Anderson*, 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374

F.3d 377, 380 (6th Cir. 2004). The evidence must be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome a motion for summary judgment. *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885.

### III.

As the Defendant points out succinctly in its Memorandum in Support of Summary Judgment, as well as its Reply Brief, under Kentucky law, if an employment contract fails to contemplate a definite period of time, it may be terminated at will by either party. *See Brownsboro Road Rest. v. Jerrico, Inc.*, 674 S.W.2d 40 (Ky. Ct. App. 1984), *see also Wyant v. SCM Corp.*, 692 S.W.2d 814 (Ky. Ct. App. 1985) (Employee's at-will employment could be ended at any time, despite contention that 17-year tenure imposed implied duty of good-faith dealing upon employer). In his deposition, Plaintiff conceded that the oral contracts did not cover a definite time period. He relies *Buchholtz v. Dugan*, 977 S.W.2d 24, 27 (Ky. Ct. App. 1998) to advance the proposition that an oral agreement can modify an employee's at-will status. While that is an accurate statement of the law, Plaintiff has provided no evidence, oral or otherwise, that would have affected his status as an at-will employee. In general, at-will employees may be terminated for any reason not prohibited by law. *Comm'r v. Solly*, 253 S.W.3d 537, 541 (Ky. 2008). "[A]n employer may discharge an at-will employee for good cause, for no cause, or for a cause that some might view

4

as morally reprehensible." *Id.* (quoting *Wymer v. JH Properties, Inc.*, 50 S.W. 195, 198 (Ky. 2001)).  Outback told Brown that his services were being terminated for financial reasons.

Based on the foregoing, there is no genuine issue of material fact with respect to Plaintiff's breach of contract claim.  The facts, according to Plaintiff, reveal that he was an at-will employee who could have been terminated for any lawful reason.

Accordingly, **IT IS ORDERED** that Defendant's motion for summary judgment, [DE 30], is hereby **GRANTED.**

This the 11th day of February, 2016.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge